I concur in the finding that the failure of the trial court to terminate the administrative license suspension (ALS) prior to conviction and sentencing did not violate double jeopardy. However, I am unwilling to presume what occurred at the ALS hearing without a transcript of that proceeding.
State v. Gustafson (1996) 76 Ohio St.3d 425 made it clear that the ALS is remedial in nature and does not become punitive in nature unless it continues subsequent to adjudication and sentencing for violation of R.C. 4511.19. Therefore, even if
the ALS continued because the trial court failed to make a ruling on whether the ALS should be lifted, the suspension is still remedial in nature. The ALS is not punishment for a criminal conviction. It is a short term license suspension based on the law enforcement officer's reasonable grounds to believe that the appellant was under the influence of alcohol when operating a motor vehicle and that the chemical test results from the appellant indicated appellant was under the influence of alcohol at the time of the alleged offense.
In addition, it is clear from R.C. 4511.191(H)(1) that the trial court may continue the ALS appeal hearing upon its own motion. The case at bar presents an appropriate circumstance for the trial court to continue the ALS hearing to the day of trial. Since the chemical test on the appellant was done at a time considerably after the alleged offense, the State had to prove its case against the appellant by reconstructing the events prior to and after the event and had to obtain an expert to testify about the rate the body dissipates alcohol. This type of evidence is somewhat difficult to put together quickly but it is the same type of evidence that the State would need to present at an ALS hearing in response to appellant's establishing that the chemical test was not taken at the time of the offense.
There is no doubt that the trial court should have issued a ruling one way or the other on the issue of the ALS or should have done an entry continuing the issue for further hearing. However, for the reasons stated above, the ALS from the date of the hearing appealing that suspension to the date of the conviction and sentencing of the appellant on R.C.4511.19(A)(1) did not constitute double jeopardy.
 ------------------------ JUDGE JULIE A. EDWARDS
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Lancaster Municipal Court is affirmed.
------------------------
------------------------
 ------------------------ JUDGES